Judgment reversed and <em>venire de novo</em> awarded.

## Mackinson *versus* Mackinson.

1. The Court of Common Pleas have no jurisdiction of a bill in equity, by a remainderman, to compel the executor of a tenant for life to apply the assets in his hands to discharge the arrearages of ground-rent, which accrued during the enjoyment of the life estate.

In Equity.—Appeal from the decree of the Court of Common Pleas of *Lancaster county,* dismissing complainant's bill.

Thomas Mackinson died in 1823, leaving by his will two lots of ground in Lancaster, with a dwelling house thereon, to his wife Mary Mackinson during her life; giving her liberty, in case of real need, to take up money from time to time upon the property bequeathed to her, to relieve such wants; with remainder to his executors to sell, &c. Mrs. Mackinson took possession of the property and enjoyed the rents, issues and profits thereof, to the time of her death, which occurred on the 30th of August, 1853. The defendant, her executor, filed an inventory of her personal estate, amounting to $1539.87, to wit, goods and chattels appraised at $144.12, cash $87.75, bond and mortgage with interest, $1308.

The lots thus devised by Thomas Mackinson to his widow, were subject to a ground-rent or rent charge to John B. Newman, trustee of Hamilton's heirs, of four pounds sterling per annum. This rent Mrs. Mackinson for many years omitted to pay; and at the time of her death the arrearages had accumulated, with interest, to the sum of $1045.58. This bill was brought to require her executor to pay to John B. Newman in relief of the inheritance, the said sum of $1045.58, with its interest, together with $14.57, costs of suit on a judgment obtained therefor by Newman against the estate.

The Court of Common Pleas, Hayes, J., dismissed the bill, and complainant appealed.

*Franklin,* for appellant.—A tenant for life is obliged to keep down incumbrances affecting the inheritance. 1 Cruise, Dig. 90; *Tracy* v. *Hereford,* 2 Browne's Chanc. Cas. 128. And reversioner may file a bill to make the rents *amesnable,* and compel the tenant for life to answer for what had accrued. *Ld. Perhyn* v. *Hughes,* 5 Ves. jr. 106; *Bertir* v. *Ld. Abingdon,*

[Mackinson *v.* Mackinson.]

3 Merrivale, 566; *Huddlestone* v. *Whelpdale*, 15 Eng. Law & Equity, 220; Story's Eq. Jurisp. § 488. And tenant for life is to be considered as a *quasi* trustee for the remainderman. *King* v. *Sharp*, 6 Hump. 55.

*Stevens* and *Eshleman*, for appellee.—A tenant in tail is not bound to keep down the interest of an incumbrance, because he *has the power to make himself absolute owner* against the remainderman and reversioner. 1 Story's Eq. Jurisp. § 488; 1 Ves. sen. 480, 481; 3 P. Wm. 234, 235. The Statute of Limitations is a bar in equity as well as at law, and advantage may be taken of it by pleading it or by way of answer. Story's Eq. Pl. §§ 484, 503, 751; *Prince* v. *Hylin*, 1 Atk. 498.

The opinion of the court was delivered August 14, 1855, by
LEWIS, J.—This is a bill in equity, brought for the benefit of persons entitled to the proceeds of real estate in remainder, to compel the executor of an alleged tenant for life, to apply the assets in his hands to discharge the arrearages of ground-rent which accrued during the enjoyment of the life estate. We do not see how the jurisdiction in equity is to be sustained in such a case. The Orphans' Court is the proper tribunal to distribute the assets of the decedent; and the form of procedure is by settlement of the administration account, and decree of distribution thereon, among all the creditors or persons entitled. In the present bill, the other creditors, if there be any, are not made parties. If a decree be made for the plaintiffs, it would necessarily be for the whole of their claim, if the assets be sufficient. This might produce gross injustice to other creditors.

The Common Pleas of Lancaster county does not possess general equity jurisdiction. The Act of 16th June, 1836, does not seem to embrace the case. A tenant for life may be, in some sort, a trustee for the remainderman, but such a tenant is not a trustee within the meaning of that act. He occupies the estate in his own right, and for his own benefit. He cannot be "controlled, removed or discharged," under the Act of 1836, as a trustee.

If the remainderman should be compelled to pay incumbrances, which the tenant for life ought to have paid, we see no reason why they could not apply to the Orphans' Court for a decree of distribution, awarding to them such portion of the assets of the tenant for life as they may be entitled to.

The bill was dismissed, and we affirm the decree of the Common Pleas, upon the ground that that court had no jurisdiction in equity over the case made by the bill. This is of course without prejudice.

Decree affirmed.