rection of a mistake which lifted the whole burden of this fraud from himself and placed it upon the shoulders of his at least equally innocent co-members. He has the less occasion to complain from the fact that he was a director of the association, and as such had certainly a duty to perform in the way of looking after its affairs, and protecting the interests of other members. The satisfaction of his mortgage, if allowed to stand, would give him an advantage over other stockholders and borrowers to which he is not entitled. It was held in West's App., 88 Pa. 341, that where the entry of satisfaction of a mortgage is shown to have been entered by mistake, it is not conclusive as between the parties to the transaction; in Quein v. Smith, 108 Pa. 325, that an officer of a building association who knows that it is insolvent cannot discharge his indebtedness to it with stock held by him; and, in Strohen v. Franklin Saving and Loan Association, 115 Pa. 273, that the insolvency of a building association puts an end to its operations as such association, and nothing remains but to wind it up in such a manner as to do equity to the creditors and between the members themselves. Aside from the rights of creditors, the equities between the members of this association will not allow the appellant to escape his share of the common burdens, by shielding himself behind this improvident satisfaction of his mortgage. The court below was right in ordering it to be stricken off.

> Decree affirmed, and the appeal dismissed at the costs of the appellant.

---

## APPEAL OF SUSANNA P. REIFF ET AL.

[Estate of Elizabeth P. Reiff.]

FROM THE DECREE OF THE ORPHANS' COURT FOR THE COUNTY OF PHILADELPHIA.

Argued January 24, 1889—Decided February 4, 1889.

(a) A testator after bequeathing equal shares in his estate to his daughters for life, provided as follows : " And at the decease of any or all of them, in trust to pay over the share of her so dying to her child or chil-

dren who may then be living, or the issue of such as may be dead, and in default of leaving any child, or the issue of any child, then in trust to pay the same to my surviving children, and the issue of such of them as may be deceased, such issue taking the share to which their deceased parent would be entitled if living."

(*b*) A life-tenant was awarded her share by a decree of court upon giving security under § 49, act of February 24, 1834, P. L. 83, and having died without issue but leaving a brother and sisters and the children of deceased brothers who had died after the testator, the executors of her own will embraced the fund she held for life in their account for distribution.

1. In such case, as the remaindermen were legatees under the will of the first testator, and were as creditors of the estate of the life-tenant, they were entitled to receive the fund with interest from her death and without being diminished by compensation to her as trustee, or by any part of the expenses of the settlement of her estate.

2. The interests, in the fund, of the deceased brothers of the life-tenant were not vested at the death of the testator and payable at the death of the life-tenant to their personal representatives, but were contingent upon their surviving the life-tenant and also upon her death without issue, and were therefore payable to their children.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 181 July Term 1888, Sup. Ct.; court below, No. 29 January Term 1888, O. C.

At the adjudication of the account of Susanna P. Reiff, Letitia P. Reiff, William L. Wagner and George M. Wagner, executors of the estate of Elizabeth P. Reiff, deceased, before FERGUSON, J., on March 9, 1888, it was made to appear:

Elizabeth P. Reiff, the testatrix, died December 14, 1886, leaving a will dated June 24, 1884, duly admitted to probate, wherein it was provided:

"1. It is my will that the net principal of the money left in trust for me by the will of my father (that is to say the exact amount awarded as my share) be distributed according to the provisions of said will, and I hereby declare that the said principal is, and always has been, invested in mortgages covering property in this commonwealth, and has never been used by me in the purchase of any real estate or any personal effects that I possess."

The residue of her estate was given to her two sisters, Susanna P. Reiff and Letitia P. Reiff.

The father of the testatrix, whose will was referred to in the disposition above quoted, was John Reiff, of Whitpain township, Montgomery county. By his will which was dated January 31, 1855, he gave all his property to his executors in trust for his wife for life, and at her death ordered all his real and personal estate to be sold and the proceeds to be divided into seven equal shares, and gave one share to each of his four sons, and one share to each of his three daughters; the daughters to hold their shares in trust to take and receive the income for their own sole and separate use, during the term of their lives, and at the decease of any or all of them, in trust to pay over the share of her so dying to her children "who may then be living, or the issue of such as may be dead, and in default of leaving any child or the issue of any child, then in trust to pay the same to my surviving children and the issue of such of them as may be deceased, such issue taking the share to which their deceased parent would be entitled if living."

Testator John Reiff left to survive him his widow, Mary Reiff, and issue four sons: Jacob B., Charles P., William and Daniel W., and three daughters: Elizabeth P., whose estate was for distribution in this proceeding, Susanna P. and Letitia P. The said Charles P., William and Daniel W. all died after the death of their mother and before the death of Elizabeth P., the testatrix, but each left issue.

This court having decided in Reiff's App., 60 Pa. 361, in construing the will of John Reiff, that his daughters were given only express estates for life, Elizabeth P. Reiff, gave the security required by § 49, act of February 24, 1834, P. L. 83, and received the share given to her under said will, which was $7,934.39.

Charles P. Reiff, above named son of John Reiff, died insolvent and largely indebted to Elizabeth P. Reiff and to her sisters, Susanna P. and Letitia P.

It was claimed at the audit, on the part of Susanna P. and Letitia P., that a part of the expenses of settling the estate should be deducted from the money which the testatrix had received from her father's estate, on the ground that it was a trust in which she was a trustee, and that if the accountants had filed a separate account of this trust fund, it would have had to bear the cost and expense thereof, and therefore should

bear its proportion of the expense of this account.    The auditing judge refused this claim for the reasons:

1. Under the will of the father of testatrix, she had the use of this fund for life only, and, therefore, was bound to return the principal intact.

2. She gave her bond to pay over to those in remainder the amount which she received from her father's estate immediately upon her death.    The bond is now due and is presented for payment, and those entitled are demanding no more than their just claims when they ask for the face of their bond.

3. The testatrix, by her own will, directs that " the exact amount awarded as my share " under the will of her father be distributed according to the provisions of his will, thus bequeathing the said sum to those entitled to it under her father's will.

Upon the said fund of $7,934.39, the auditing judge allowed $400 as interest due, and in distributing the same he was of the opinion " that under the will of John Reiff each of his children took vested interests in remainder, in the shares of his estate which were respectively devised unto the sisters, which interests, while vested, were subject, however, to be divested by the birth of issue.    As, in the present case, there was no issue born, the share remains vested in those in remainder.    The shares of the brothers who are deceased will, therefore, be awarded to the executors or administrators of their estates."

A distribution having been made accordingly, Susanna P. and Letitia P., as sisters of decedent and legatees under her will filed exceptions, alleging error: (1) In not charging the trust fund of $7,934.39, with its proportion of the costs and expenses of settling " this estate and said trust fund."    (2) In allowing interest on said trust fund.

The children of Charles P. Reiff, deceased, also filed exceptions alleging error in deciding that the share of the trust fund in the hands of the decedent should be distributed to the executrix of Charles P. Reiff, deceased, and not to the exceptants, his children.

Said exceptions having been argued before the court in banc, on May 5, 1888, HANNA, P. J., delivered the opinion:

It was strenuously argued that testatrix should be considered

as a trustee for herself and those entitled in remainder at her death, and therefore is not only entitled to compensation for services in that capacity, but the amount due the remainder-men should also be charged with a proportionate part of the expenses of the settlement of her estate. But this contention cannot successfully be repeated at this late day. It was disposed of almost a score of years ago by Reiff's App., 60 Pa. 361, decided in 1869, when the court said "the testator did not intend to make his daughters trustees for themselves and for their children after their death," and held that he gave them express estates for life. This was followed by the Orphans' Court of Montgomery county awarding testatrix her share or legacy, under the will of her father, upon giving security which was duly entered to protect the interests of those entitled in remainder, as required by the act of February 24, 1834. The result was in effect to make the sum thus received by testatrix a part of her individual estate. It could be invested by her in the purchase of real estate, embarked in mercantile adventures or stock speculations, or expended in her living and family expenses as she deemed advisable. The money became essentially her own; and she was simply a debtor to the parties ultimately entitled at her death, whose claim is now payable out of her estate, and, in the event of its insolvency, by her sureties upon the bond given by her as legatee for life. The remaindermen are now creditors of the estate of testatrix, and entitled to interest from the date of her death. It is clear they are not legatees under her will, else their shares are subject to the collateral inheritance tax. But they are legatees under the will of John Reiff, the original testator, and as such are entitled. It follows, therefore, that testatrix cannot be allowed compensation for the care of the so-called trust fund; nor can it be diminished by deducting any portion of the expenses of the settlement of the estate. Such would be the case even were the parties now entitled considered as legatees of testatrix.

John Reiff, the original testator, after bequeathing equal shares in his estate to his daughters for life, provided as follows: "And at the decease of any or all of them, in trust to pay over the share of her so dying to her child or children who may then be living, or the issue of such as may be dead, and in

default of leaving any child, or the issue of any child, then in trust to pay the same to my surviving children, and the issue of such of them as may be deceased, such issue taking the share to which their deceased parent would be entitled if living." One of the daughters, the present testatrix, survived her father, but afterwards died without issue. She left surviving brothers and sisters, and the issue of a brother, who died in her lifetime. The question now presented is, whether the interest of the deceased brother was vested, and therefore transmissible to his personal representative, or contingent upon his surviving the legatee for life. If so, his children are entitled, under the will of the original testator, and not the personal representative. Upon a careful reading of the will as above quoted, we are of opinion that the interest of the children of the testator was vested only upon the contingency of their surviving the legatee for life, and the further contingency of her death without issue. Her death is clearly the period of distribution. And even the interest of her children was contingent upon their surviving their mother, for the gift is to those " who may then be living, or the issue of such as may be dead:" Reichard's App., 116 Pa. 232. And although the phrase " who may then be living " is not repeated in the substitutionary gift to " surviving children," yet such was evidently the intention of testator, as he contemplated the death of some of his children prior to that of his daughters, by providing in such case that their shares should be paid to their issue by representation. If, then, the interest of the primary objects of testator's bounty, so far as respects the share given to his daughters for life, viz., their children, be contingent, and this we think must be conceded, it can hardly be argued that the " surviving children " of testator would take a vested interest at the earlier period, the death of testator. This certainly could not have been the intention of testator. And if so, this testatrix would be entitled absolutely to her share (one seventh) of the interest in her father's estate bequeathed to her for life only.

In the view taken that the interest of the children of testator is contingent, and not vested, we are fully sustained by the text writers and numerous authorities upon the subject. It is given not to the *children*, but " my surviving children " after the death of the daughters. Those who are to take must, there-

fore, sustain a certain character at the death, viz.: they must be "surviving children," or "the issue of such of them as may be deceased." Or they must be living at a particular time, in this case, at the death of the daughters. The uncertain event is, therefore, a part of the original description of those who are to take, and the interest bequeathed is necessarily contingent on account of the person: Smith on Exec. Int., 281. And where, as here, there is no gift, but a direction to pay or divide among several persons at a future period, though the future period is annexed to the payment, possession, or enjoyment, yet it is also annexed to the devise or bequest itself. The direction to pay constitutes the devise or bequest, and therefore the vesting in interest is postponed, and not merely the vesting in possession or enjoyment: Idem, 314. And in many cases, following the rule in England, our Supreme Court has held that where there is no antecedent gift, independent of the period fixed for payment, then the gift is not vested, but contingent: Moore v. Smith, 9 W. 407; Magoffin v. Patton, 4 R. 113; Seibert's App. 19 Pa. 56; Lamb v. Lamb, 8 W. 184; Bowman's App., 34 Pa. 20; Provenchere's App., 67 Pa. 463; McClure's App., 72 Pa. 414; Lumberman's Bank App., 13 W. N. 191; Calahan's Est., 7 W. N. 130; Thouron's App., 18 W. N. 56. And, as further showing the contingent character of the ultimate bequest to the "surviving children," it could not be ascertained who would be entitled as surviving children until the death of the legatee for life: Pleasonton's App., 99 Pa. 362. In Theobald on Wills, 508, we find that in gifts to survivors the general rule is that when the survivorship is upon death merely, the time of distribution is the limit of defeasibility. It is to be referred to the period of division. "If there is no previous interest given in the legacy, then the period of division is the death of the testator, and the survivors on his death will take the whole legacy. But if a previous life estate be given, then the period of division is the death of the tenant for life, and the survivors at such death will take the whole legacy." If payment is postponed till the age of twenty-one, survivorship refers to that: Forrester v. Smith, 2 Ir. Eq. 70. Where there is a gift for life, and then to the children of the tenant for life who attain twenty-one, and in default of such children to a class of survivors, the survivorship refers to the period

when the prior gift fails. And upon the same principle a gift after a life interest to "surviving children" goes to those who survive the tenant for life: Theobald on Wills, 509, and cases cited. For the reasons mentioned, the share of the deceased son is awarded to his children; and, the balance for distribution to the sisters of testatrix being within the limit fixed by act of assembly, no collateral tax is chargeable.

The exceptions filed by the children of Charles T. Reiff, deceased, are sustained; and those by the residuary legatees are dismissed.

A distribution in accordance with the foregoing opinion having been made and confirmed, Susanna P. Reiff, and Letitia P. Reiff, exceptants, took this appeal, specifying that the court erred:

1. In awarding the shares of the deceased brothers, in the fund of $7,934.39, distributable under the will of John Reiff, to their children, respectively, and not to their personal representatives.

2. In not charging said fund with its proportion of the expenses of settling the estate and said fund.

3. In allowing interest on said trust fund.

*Mr. Jos. W. Hunsicker* (with him *Mr. W. L. Wagner* and *Mr. G. M. Wagner*), for the appellants:

1. This court has decided in Reiff's App., 60 Pa. 361, that the daughters under John Reiff's will took but a life estate in the legacies, and in Umstead's App., 60 Pa. 365, that Charles P. Reiff, a son who survived his mother, was entitled to his legacy absolutely. This, doubtless, included not only the legacy then payable, but whatever he might thereafter be entitled to on the death of his brothers or sisters without issue. Moreover, we have the equal division of the estate; the testator's children the primary objects of his bounty; the issue of any deceased child taking only the parent's share; the express words, my surviving children; the fractional division of the shares at successive periods which must eventually arrive; the absolute freedom of contingency annexed to the capacity to take of the last takers; all of which it is contended vested this fund in the children of John Reiff who survived him and

their mother: Johnson v. Morton, 10 Pa. 245; Buckley v. Reed, 15 Pa. 83; Ross v. Drake, 37 Pa. 373; Patterson v. Hawthorn, 12 S. & R. 112; King v. King, 1 W. & S. 205; Reed v. Buckley, 5 W. & S. 517; Kelso v. Dickey, 7 W. & S. 279; Hopkins v. Jones, 2 Pa. 69; Manderson v. Lukens, 23 Pa. 31; Passmore's App., 23 Pa. 381; Womrath v. McCormick, 51 Pa. 504; Crawford v. Ford, 7 W. N. 532; McGill's App., 61 Pa. 46; Provenchere's App., 67 Pa. 463; McClure's App., 72 Pa. 414; Mull v. Mull, 81 Pa. 393; Chess's App., 87 Pa. 362; Ringe v. Kellner, 99 Pa. 460; Pennock v. Eagles, 102 Pa. 290; Muhlenberg's App., 103 Pa. 587; Reed's App., 118 Pa. 215.

2. The will of John Reiff makes Elizabeth P. Reiff, the decedent, the holder of the fund of $7,934.39, authorizes its investment by her in real estate, at her option, and directs upon her death its final distribution. Here we have everything which entitles a trustee to compensation. A trustee is entitled to commissions on the principal of the trust fund where it is not specifically bequeathed, and the legatee is not bound to accept it as invested by the testator: Lukens's App., 47 Pa. 356; Biddle's App., 3 W. N. 396. And if the will of the decedent should be construed as affecting the trust fund, and the distributees take under it, then the charge of interest on the fund is clearly wrong, because the statute expressly provides that unless otherwise directed by the will, legacies are not due and payable till one year after the death of the testator.

*Mr. J. Warner Goheen* (with him *Mr. G. R. Fox*), for the appellees:

Counsel relied upon the opinion of the court below.

PER CURIAM:

We affirm this case upon the opinion of the learned president judge of the court below.

The decree is affirmed and the appeal dismissed at the costs of the appellants.