## Welsh's Estate.

*Wills—Construction—Gift with power of consumption—Burden of proof.*

Testator by will provided: "I give and bequeath to my beloved wife, Jemima Welsh, the sum of fifty thousand dollars ($50,000.00) absolutely; it is my desire that whatever, if any, part of said legacy of fifty thousand dollars remain unused at the death of my said wife, be divided equally at the time of her death among my four children hereinbefore named." After the death of the widow it appeared at the audit of her estate that the legacy had been paid to her, and that since the death of decedent she had been in receipt of a large income from other sources, more than sufficient to defray her personal expenses. Her estate at her death was in excess of the amount of the legacy above mentioned. There was no evidence, however, that any part of the legacy was left at her death. *Held,* under these circumstances the presumption is that the widow used the legacy; the burden of proof is on claimants to show that any of it was left at her death, and in the absence of such evidence it is to be presumed that she used all of it.

Argued February 4, 1913. Appeal, No. 5, Oct. T., 1913, of Commonwealth Trust Company, administrator d. b. n. c. t. a. of T. W. Welsh, deceased, from decree of O. C. Allegheny Co., Oct. T., 1911, No. 23, dismissing exceptions to adjudication In re Estate of Jemima Welsh, deceased. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to adjudication.

HAWKINS, P. J., filed the following opinion:

(1) There is a preliminary question involved in this case whether or not the pecuniary legacy given Mrs. Welsh by her husband was absolute, or, simply with a power of consumption. The question arises out of this clause of Mr. Welsh's will:

"Third. I give and bequeath to my beloved wife Jemima Welsh, the sum of fifty thousand dollars ($50,-000) absolutely; it is my desire that whatever, if any, part of said legacy of fifty thousand dollars remain unused at the death of my said wife, be divided equally at the time of her death among my four children hereinbefore named."

The intent to make a qualified gift is clear. Reading the whole paragraph the necessary implication is that Mrs. Welsh was to have power to use the $50,000 in any manner she saw fit; but in the event of her failure to so use, the surplusage should pass to other specified objects. She was, it is true, given in the first instance an absolute interest, but there immediately follows in the same breath a clause which unequivocally shows that testator intended she should take a lesser interest, and under a well established rule the prior gift must be restricted accordingly: Sheets's Est., 52 Pa. 257.

This being the proper construction, the question arises was there a surplus, and if so how much. There is no direct evidence as to how much, if any, of the $50,000 was consumed by Mrs. Welsh. She survived her husband a little over ten years.

| | | |
|---|---:|---:|
| Her income was about $14,000 per year, .. | $140,000 | 00 |
| To which add the legacy of ............ | 50,000 | 00 |
| | $190,000 | 00 |
| Deduct investments, ......... $30,000  00 | | |
| Cost of maintenance, ........ 70,000  00 | | |
| | 100,000 | 00 |
| Cash on hand, ........................ | $90,000 | 00 |

Now, in the absence of evidence out of which of these funds (legacy and income) maintenance was taken, what is the presumption of law? The absolute terms in which the fund was given made delivery to her without the exaction of a bond a necessity: Hambright's App., 2 Grant (Pa.) 320; Green's App., 42 Pa. 25. The absence of restriction or her power of disposition put it beyond any right to call on her for an account of her use of it. She might appropriate to maintenance, or give it to charities, or dispose of it in any other manner. The testator trusted her "absolutely," and the court must do likewise: Id. It was hers to do with as she pleased. It was only in the event of failure to exercise this privilege, that the alternative provision became material. But upon whom was the burden of showing the fact? Certainly not on the wife, for she had absolute power of disposition, and the presumption is that she would use it as the primary source of expenditure because it was to her advantage to use it in relief of the income of the residuary estate, which was hers without any restrictions: Richard's Est., 185 Pa. 155. The fact that no surplus has been found, is evidence that she exhausted the fund. Having absolute discretion in its use, abuse of the exercise of her power cannot be imputed to her. There is evidence that Mrs. Welsh's personal and household expenses would not exceed $6,-000 a year, and that it was not known that she had made any expenditure outside these; but she might have made gifts to charities or other legitimate objects and had no obligation or purpose to reveal the facts. Charity vaunteth not itself.

It has been suggested that testator contemplated his wife should use only the interest on the legacy in connection with the interest on the residuary estate. But the form of the gift shows that he had in mind only the principal of the legacy given as the subject of use. What "remains unused" of it passed to the residuary legatees. The form of the gift over, points to the same

purpose. It is of what "remains unused" of the $50,-000.00. Nothing is said about investment. It was so much of the $50,000.00 as his wife saw fit, that was to be used. The absence of any mention of interest on this legacy, and its express charge on the residuary clause, points to the same conclusion. The expression of one excludes the other. If testator had intended to restrict his wife to interest he would doubtless have said so. He must have had some reason for differentiating these provisions. What was it? There is no apparent reason other than to make a present provision for maintenance for his widow pending settlement of the estate and the accretion of income on the residue. She might use it beyond this period for the full amount of the legacy; the power given her was absolute; but this was the apparent reason. She was the preferential object of his bounty; and every intendment must be in her favor.

It has been suggested that because Mrs. Welsh was a trustee, the burthen of proof was on her personal representative to show the status of the fund at the time of her death. Who ever heard of a trustee with individual right of possession and consumption of a fund? An ordinary tenant for life is not a trustee, nor subject to trust remedies for those in remainder. It was held in Fidelity Ins., Trust & Safe Deposit Co. v. Deitz, 132 Pa. 36, that he acquired title under a common mortgage even where sale is the result of his default in payment of arrearages of interest. So it was held in Reiff's Est., 124 Pa. 145, that testator did not intend to make his daughters, to whom he had given life estates, trustees for themselves and for their children after their death, but simply debtors. Much less did Mr. Welsh intend to make his wife, to whom he had given absolute power of use of the $50,000, trustee for the residuary legatees. But assume that he did so intend as respects the unused balance, the presumption is that she used the whole because, as already suggested, it was to her manifest advantage to do so. The burthen of proof, therefore, is

on those alleging the contrary, and the proof adduced falls far short of showing any surplus. As the evidence fails to disclose the existence of any surplus, and no suggestion that further proceedings will elicit any additional evidence, there is no apparent reason for filing an account.

Assume there was no question of advantage favoring Mrs. Welsh, the general principle of equity that moneys drawn out of a banking account are to be applied to the earlier items of deposit on the opposite side of the account, would lead to the same conclusion: Pennell v. Deffell, 23 Eng. Law & Eq. 460-467, cited with approval in Farmers' & Mechanics' Nat. Bank v. King, 57 Pa. 202. The legacy of $50,000.00 must have been deposited before interest accrued on the residue, and have been first drawn.

The burthen of proof was, therefore, on the present claimants and they have failed to make out a case.

The court made a decree awarding the fund in accordance with the foregoing opinion. The Commonwealth Trust Company, administrator d. b. n. c. t. a. of T. W. Welsh, deceased, appealed.

*Error assigned* was the decree of the court.

*George W. Herriott,* of *Herriott & Morgan,* with him *Thomas M. Marshall, Jr.,* and *Frank C. Osburn,* for appellant, cited: Johnson's App., 37 Pa. 368; Richard's Est., 185 Pa. 155; Pierce v. Sweet, 33 Pa. 151; Smith v. Brooke, 49 Pa. 147; Borland v. Murphy, 92 Pa. 91; Sheets's Est., 52 Pa. 257; Taylor v. Martin, 20 W. N. C. 27; Burt v. Herron, 66 Pa. 400; Good v. Fichthorn, 144 Pa. 287; Dickinson's Est., 209 Pa. 59.

*T. C. Noble,* with him *Scandrett & Barnett,* for appellee, cited: Tyson's Est., 191 Pa. 218; Knox's Est., 131 Pa. 220; Pennock's Est., 20 Pa. 268; Kinter v. Jenks, 43 Pa. 445; Second Reformed Presbyterian Church v. Dis-

brow, 52 Pa. 219; Bowlby v. Thunder, 105 Pa. 173; Hopkins v. Glunt, 111 Pa. 287; Good v. Fichthorn, 144 Pa. 287; Boyle v. Boyle, 152 Pa. 108; Jauretche v. Proctor, 48 Pa. 466; Evans v. Smith, 166 Pa. 625; Gilchrist, v. Empfield, 194 Pa. 397; Nieman's Est., 229 Pa. 41; Follweiler's Appeal, 102 Pa. 581; Heppenstall's Est., 144 Pa. 259; Lininger's App., 110 Pa. 398; Fidelity Ins., Trust & Safe Deposit Co. v. Deitz, 132 Pa. 36; Reiff's Est., 124 Pa. 145; Tanner v. Hughes, 53 Pa. 289.

PER CURIAM, March 17, 1913:

We concur in the opinion of the Orphans' Court that the discretion of Jemima Welsh, in the use of the legacy bequeathed by her husband was absolute and that in the absence of evidence that any part of it was left at her death, the inference was that she had exercised her undoubted right and had used all of it.

The decree is affirmed.