## Young's Estate

Before Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ.

The facts appear from the adjudication of

SINKLER, J., Auditing Judge.—The account is correctly stated as that of Mary J. Kilpatrick, life tenant, to whom was awarded the residuary estate upon the entry of security to preserve the corpus. The corpus is invested in mortgages and ground rents, which are legal investments for trust funds, with the exception of two items, stock of the Twentieth Century Storage Warehouse Company, $300, and loan on assignment of interest in mortgage on No. 1943 Redfield Street, $300. The recital in paragraph (a) of the petition for distribution incorrectly recites that *the corpus of the trust fund* was awarded to the life tenant on entering security under the Fiduciaries Act of June 7, 1917, P. L. 447. The third paragraph of the decedent's will gives a legal life estate to her niece, Mary J. Kilpatrick, and upon her decease the principal of the estate is to be equally divided between the surviving children of Mary J. Kilpatrick, share and share alike, upon them all attaining the full age of twenty-one years. Section (b) of the petition for distribution recites that the purpose of filing the account is to substitute the individual bond of the life tenant for the bond with corporate surety now outstanding, while section (d) recites that the life tenant is sixty-four years of age, and continues:

"It is claimed that for the purpose of dispensing with a corporate surety the court will accept the life tenant's own bond as covering the actually excluded possibility that she may have future issue. All her children (above named) agree to such a bond being accepted in place of a bond of corporate suretyship." The prayer of the petition is that the corpus be re-awarded to the life tenant, the accountant, without a bond with surety.

A brief of argument has been filed which is based upon the following:

1. There is no interest in remainder, under this will, contingent upon the birth and survival of children hereafter born.

2. If there were such a contingent interest, it could be protected by the life tenant's personal bond.

3. The daughters in being can terminate the trust by releasing to the life tenant.

It will be seen that the matter as submitted to the court, in a measure at least, proceeds upon the mistaken theory that there exists in the present case a trust estate. It is true that an auditing judge may in his discretion award a legal life

estate to a life tenant upon the entry of a bond by the life tenant without sureties. Occasionally, in cases such as the present, the remaindermen will be accepted as surety, although the remaindermen in the present case request that the present bond should be replaced by one of the life tenant without surety. It is, in my judgment, for the best interest of the life tenant as well as the remaindermen that such an award should not be made.

The balance shown by the account, $15,887.28, is, therefore, awarded to Mary J. Kilpatrick, the security heretofore entered to be continued.

*E. Spencer Miller*, for exceptants.

STEARNE, J., December 23, 1932.—Exceptions have been filed to the adjudication of an account entitled: "First account of Mary J. Kilpatrick, life tenant, to whom was awarded the residuary estate, on entry of security to preserve the corpus."

The dispositive words of the will read as follows: ". . . unto my niece, Mary J. Kilpatrick . . . for and during all the term of her natural life and upon her decease the principal of my said estate to be equally divided between the surviving children of my niece Mary J. Kilpatrick share and share alike upon them all attaining the full age of twenty-one years."

Our records disclose that this residuary estate has twice been awarded to the life tenant upon her entry of security to protect the corpus. Judge Penrose did so by his adjudication of November 11, 1897. Because the life tenant failed to enter security as directed, the fund was not delivered to her by the executor. The executor subsequently filed its account, terming it an account by the trustee, and again, on May 12, 1910, Judge Anderson made an award similar to that of Judge Penrose. The life tenant, however, complied with Judge Anderson's adjudication. On June 7, 1910, the life tenant filed a duly approved bond with corporate surety in the sum of $32,000, appearing in miscellaneous bond book No. 10, page 73. The life tenant by her attorney receipted for the corpus of the said fund, to wit, $15,887.28, and on June 28, 1910, filed a receipt and order of satisfaction therefor.

The present accounting is of this same fund by the life tenant, entitled as above stated. By the petition for distribution, it is represented that the life tenant is now sixty-four years of age and has two children, both of whom have attained the full age of twenty-one years. An agreement signed by the life tenant and her two children, and a release executed by the two children, were presented to the auditing judge. The purport of the documents was to request the auditing judge to award the fund in question to the life tenant *without security*. This the auditing judge declined to do. Exceptions have been filed to such ruling.

Upon a review of the record we are convinced that the account was improperly stated and filed and should never have been audited. In case of a legal life estate, upon entry of security, the assets become the *absolute property* of the life tenant. It ceases in every way to form part of the decedent's estate. Upon the death of the life tenant the remaindermen must look alone to the estate of the life tenant or his surety. See opinion of Gest, J., in Strawbridge's Estate, 14 D. & C. 703; Reiff's Appeal, 124 Pa. 145; Letterle's Estate, 248 Pa. 95; Weir's Estate, 251 Pa. 499; Kirkpatrick's Estate, 284 Pa. 583.

As the life tenant, Mary J. Kilpatrick, received the residuary estate and entered security as directed, the fund ceased to form part of the estate of Mary J. Young and should not be accounted for again in that estate. Irrespective of whether an account has been improperly filed and audited, or whether counsel has raised the question, the court, upon its own volition, may act in the premises: Pollock's Estate, 306 Pa. 301, 311 et seq.

Accordingly, we decide that the present account has been improperly stated and filed, that the adjudication be expunged from the record and the account returned to the files marked unaudited.

This result is not to be regretted as doing a possible injustice, because this life tenant and her present two children may not be all the parties interested in the fund. Judge Penrose clearly indicated that the children would take only in the event that they survived their mother. The remainder is, therefore, contingent. We entertain not the slightest doubt that Judge Penrose was correct: Alburger's Estate (No. 2), 274 Pa. 15; Norris's Estate (No. 1), 217 Pa. 548. Should neither child of the life tenant survive, an intestacy may result. In any event, upon the happening of such a contingency there would be entirely different parties claiming the remainder than are now before us. Had the fund been properly before the auditing judge for distribution, he would have been clearly correct, in the circumstances, in refusing to award the fund to the life tenant without the entry of adequate security. However, in the circumstances, this question is not now before us for decision, and we decline to rule thereon.

The exceptions are dismissed, the adjudication is expunged from the record, and the account is directed to be returned to the files marked unaudited.