## Hays Estate.

Argued October 1, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Thomas V. Douglass,* with him *Griggs, Moreland, Blair & Douglass,* for appellants.

*William H. Eckert,* with him *Smith, Buchanan & Ingersoll,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, November 24, 1947:

The question raised by these appeals is whether a life tenant, with power to consume, is a *debtor* to or *trustee* for the remaindermen and hence whether enhancement in value belongs to the life tenant or the remaindermen.

The second item of the will of Louis B. Hays provided: "I give, devise and bequeath to my wife, Edith Adair Hays, all my estate, real and personal, for and during the term of her natural life with the right to consume so much of the principal of my estate as she, in her sole discretion, may deem necessary for her maintenance and support, . . . and, subject to the estate herein devised and bequeathed to my said wife . . . I give, devise and bequeath all of my estate, or so much thereof as may remain unexpended at the death of my wife . . . to my daughter, Caroline Adair Hays, and my son, Howard Adair Hays."

Testator appointed his wife sole executrix.

Testator died April 30, 1939, and letters testamentary were granted to her. She filed inventories and an account. Her account showed a balance for distribution of $582,506.12 which was awarded to her in kind "under the terms of the will." Mrs. Hays died December 8, 1943. The executors under her will filed their account in which was included all the assets of her husband's estate and in which she had been so given a life estate with power to consume. The account disclosed an enhancement in value of the securities of $216,424.04. The auditing judge awarded all of the securities, with the enhancement, to the guardian of the estates of the two children. The rest of the estate was awarded to Mrs. Hays's executors for future accounting.

The effect of this award was to pass all the unconsumed assets of the husband's estate, *together with the enhancement,* to the children *absolutely.* If the *enhancement* belonged to Mrs. Hays absolutely, it should have been awarded to her executors, to pass ultimately to the trustees under her will. Under Mrs. Hays's will, her two children, remaindermen under the *father's* will, received but life estates with elaborate trust provisions now unnecessary to recite.

The trustees and the executors under Mrs. Hays's will filed separate appeals, which are now before us.

A gift for life, with right to consume, creates a relation of *debtor and creditor,* and not that of *trustee and cestui que trust.* Such a life tenant is responsible to the remainderman for the value of the estate at the time of distribution to her as life tenant, and not for any increase in the value of the fund thereafter. In *Powell's Estate,* 340 Pa. 404, 17 A. 2d 391, Chief Justice SCHAFFER said, p. 409: ". . . under all our authorities, she, as life tenant, was entitled to take the balance as shown by the account and assume a debtor creditor relation to the remaindermen for that sum less any part she should consume. Her relation to them and the property

is not that of trustee of it, but is that of debtor for the fund named, which was adjudicated and distributed to her by the court's decree twenty-four years ago. She is responsible to them only for the value of the estate at the date of distribution thereof: Reiff's Appeal, 124 Pa. 145, 16 A. 636; Letterle's Est., 248 Pa. 95, 93 A. 935; Weir's Est., 251 Pa. 499, 96 A. 1086; Kirkpatrick's Est., 284 Pa. 583, 131 A. 361. In Gillett's Est., 130 Pa. Superior Ct. 309, 319, 197 A. 517, it is said (KELLER, P. J.) : 'Where a life tenant takes over personal property to use the same during her lifetime pursuant to a will, the result is: "In effect to make the sum thus received . . . a part of her individual estate. It could be invested by her in the purchase of real estate, embarked in mercantile adventures, or stock speculations, or expended in her living and family expenses as she deemed advisable. The money became essentially her own; and she was simply a debtor, to the parties ultimately entitled at her death, whose claim is now payable out of her estate, and, in the event of its insolvency, by her sureties upon the bond given by her as legatee for life." ' ".

There, as here, no transfer of the securities was made to the life tenant executrix in her individual name. It was further said in that case, p. 410: ". . . when the final account of the executrix was audited, the balance shown for distribution was $36,391.28. This the court ordered distributed. Whether in fact distribution was ever made is immaterial. This was the decree that fixed the rights of the parties. Under it the widow became entitled to the remaining assets in the estate as her individual property and became indebted to the remaindermen to the extent of $36,391.28. The fact that the stock was not transferred on the books of the company to her at that time is unimportant. She could have it transferred at any time. Her failure to do so cannot alter the rights of the parties."

While failure of a life tenant (possessing no right to consume) to file a bond as required by the statute

entitles a remainderman to secure a decree appointing a trustee under section 23 of the Fiduciaries Act of June 7, 1917, P. L. 447, 489, 20 PS, 635; *Loewer's Estate,* 263 Pa. 517, 520, 106 A. 789, no such bond is required when there exists a power to consume. It was further said by the then Chief Justice, p. 410:

"The fact that she filed no bond at the time of the decree of distribution is likewise immaterial. The failure to give a bond as required by the Act of May 17, 1871, P. L. 269, does not alter the rights of the life tenant and remaindermen. A life tenant who takes possession of the assets without giving bond is not a trustee for the remaindermen but is a debtor to them the same as if she had given a bond: Gillett's Est., supra; Strawbridge's Est., 14 D. & C. 703, (GEST, J.); see also Kirkpatrick's Est., supra. Furthermore, the Act does not apply to a life tenant having the power of consumption of principal. As such life tenant, appellee was under no duty to enter security for the protection of remaindermen: Heppenstall's Est., 144 Pa. 259, 23 A. 860. As was said by Judge BLACK in Hambright's Appeal, 2 Gr. 319, 321: 'What sort of a bond shall she give? What shall be its penalty and conditions? Any bond that could be devised would limit her discretion, in a way never intended by her husband. He permitted her to decide for herself how much she should spend. If we put her under an obligation to consume none, or only a part, we take away her clear right. He gave to those in remainder nothing, in case she left nothing. If we secure them any particular sum, we award to them what they have no title for. It is argued, that she ought to give bond to use it providently, and to leave at her death, all that she does not need during her life. I repeat, that she alone is to be the judge of her wants. The testator gave her the *full* use of the money. He trusted her, and we must do the same.'"

When the award of the husband's estate was made to the widow as life tenant, the fact that the words *"under*

*the terms of the will"* were appended did not change the relation of *debtor* to that of *trustee.* In *Kirkpatrick's Estate,* 284 Pa. 583, 131 A. 361, it appeared, under facts analogous to the present case, that the award was to *"(the life tenant) in the trust for the purpose specified in the will."* This Court refused to hold that the relation of *trustee* had been established. Justice KEPHART (later Chief Justice) said, p. 587: ". . . This decree did not, however, fasten a trusteeship on the life tenant with respect to that property; to say 'in trust' was purely a gratuitous and voluntary statement on the part of the judge who made the decree, for there was no controversy on such a question, or on any other question, before the court at that time. It must be disregarded. The title here involved goes back to the original testator's will and is in no way dependent upon that decree."

This case is, of course, not ruled by section 13 of the Estates Act of 1947, approved April 24, 1947, P. L. 100, providing that a life tenant "shall be deemed to be a trustee . . ., and not a debtor to the remainderman . . .," effective January 1, 1948.

As Mrs. Hays bore the relation of a debtor to her children, no citation of authority is necessary to affirm the status of the executors to appeal from a decree affecting assets of her estate.

The guardians of the estates of the minor remaindermen are entitled to receive from the executors of the estate of the deceased life tenant the amount of the balance for distribution awarded to her upon the distribution of her husband's estate, less any collectible taxes or legal debts due by her husband or his estate and paid by her after distribution to her, and less any portion of principal which she may have expended for her maintenance and support. The rest of the fund must be awarded to Mrs. Hays's executors or trustees.

The decree is reversed, and the record remitted to make distribution as herein directed. Costs to be paid out of the principal of the estate.