## Lyman Estate

Before Sinkler, P. J., Klein, Bolger, Ladner, Hunter and Boland, JJ.

493

494

498

*W. Horace Hepburn, Jr.,* for exceptants.

*Fell & Spalding, Norris, Bell, Lex, Hart & Eldredge* and *Jesse A. G. Andre,* contra.

BOLAND, J., January 27, 1950.—The main question raised by the exceptions filed herein is whether a life tenant with power to consume is, under the terms of the will of original testator, a debtor to or trustee for

the remaindermen, and hence liable for depreciation of the assets awarded to the life tenant.

The will of William R. Lyman, deceased, after bequeathing to his wife, Fannie C. Lyman, a life interest in his estate with full power to use so much of the principal as may be necessary for her support and maintenance, devised and bequeathed the "remainder of my residuary estate, real and personal, that may be left at the time of her (Fannie C. Lyman) decease" to collateral relatives and a charity.

The auditing judge held that the debtor-creditor relationship did exist between the life tenant and the remaindermen by virtue of the will of William R. Lyman, deceased. Exception no. 5 was to the finding that November 29, 1930, was the date fixed as determining the amount of the debt. Exception no. 9 was to the finding that no part of the executors' commissions and expenses should be charged to the remaindermen. And exception no. 6 is to a ruling upon the admissibility of oral declarations as to the life tenant's intention in assigning a mortgage to herself. All other exceptions bear directly on the question of the relationship, whether debtor or trustee.

We have given this case careful consideration, particularly because of the loss it inflicts upon the personal estate of the life tenant. We cannot, however, find any error in the adjudication, which is a carefully considered finding and fully explanatory of the law as settled by Powell's Estate, 340 Pa. 404 (1941), and Hays Estate, 358 Pa. 38 (1947). The facts and circumstances, including the interpretation of decedent's will, are practically identical with the above cases, except that here there is a substantial depreciation in the assets, whereas in the Powell and Hays cases there is an appreciation of assets. But as the auditing judge so aptly points out, "A life tenant cannot be declared a debtor where there are gains, and a trustee where

there are losses. He who takes profits must also suffer losses." This is undoubtedly a hardship case, but we are unable to do other than sustain the adjudication.

The exceptions are dismissed and the adjudication is confirmed absolutely.