Harold M. SOARS, Executor of the Estate of Lucilla M. Soars, Deceased, Plaintiff,

v.

Francis P. GRAHAM, District Director of Internal Revenue for the District of Scranton, Pennsylvania, Defendant.

Civ. A. No. 5671.

United States District Court
M. D. Pennsylvania.

Nov. 8, 1957.

---

**240**

---

Furst, McCormick, Muir & Lynn, Williamsport, Pa., for plaintiff.

Robert J. Hourigan, U. S. Atty., Scranton, Pa., Charles K. Rice, Asst. Atty. Gen., James P. Garland, David A. Wilson, Jr., James P. Saunders, Attys., Dept. of Justice, Washington, D. C., for defendant.

FOLLMER, District Judge.

Stephen Soars, the husband of Lucilla M. Soars, died July 29, 1930. He was a resident of Muncy in Lycoming County, Pennsylvania, and his will was probated in that county. Under his will certain shares of stock were bequeathed to his widow, Lucilla M. Soars, with the absolute right to consume so much or all as in her opinion was "sufficient" for her maintenance. What remained uncon-sumed by her at the time of her death was bequeathed to the children. At the time of her death the shares of stock were intact and had increased in value. The Director of Internal Revenue assessed a deficiency in federal estate taxes in the estate of Lucil'a M. Soars and included therein an amount based upon the value of the said shares of stock as of the date of the death of Lucilla M. Soars. The pleadings do not so show but the briefs and arguments are predicated upon a tax on the increase in value of the shares of stock. Naturally, the entire value of the stock would not be so taxable in her estate. The only issue is whether the increment is subject to such tax.

The claimant states the question involved to be,

"Did Stephen Soars, who bequeathed to his wife, Lucilla M. Soars, a life interest in his estate, with full power to use so much of the principal thereof as might be necessary for her support and maintenance, as to which she was to be the sole judge, without liability on her part or on the part of her estate to account for such consumption, and bequeathed what remained unconsumed by his wife at the time of her death to others, granting to his wife power to invest and reinvest and change investments belonging to the estate, make his wife, Lucilla M. Soars, a trustee for the remaindermen, so that the increase in value in her hands passed to the remaindermen as from Stephen Soars?"

The District Director of Internal Revenue states the question presented to be,

"Whether a life tenant, with power to consume, is a debtor to or trustee for the remainderman and, hence, whether the enhancement in value belongs to the life tenant so that the stock in question was properly included in the decedent's estate to the extent of such enhancement in value?"

In Re Powell's Estate, 1941, 340 Pa. 404, 17 A.2d 391, 393, the precise situa-

tion now before us was involved. Joseph Powell died in 1904 and by will devised and bequeathed all of his estate to his wife Clara for her life with power to consume and whatever remained unconsumed at her death, he gave and bequeathed to others. The Supreme Court of Pennsylvania held:

"As to the 490 shares of stock and any other principal assets of the estate which came into the hands of the executrix at her husband's death, they were given to her for life 'to use, convert and expend so much of the principal of said estate as she may find necessary in order to provide her a comfortable and satisfactory support.' Under this language, she is the sole judge of the necessity to convert and expend principal and of what is a comfortable and satisfactory support. All that the remaindermen have an interest in is what 'may then remain' at the death of the widow, and what 'may then remain' is not the 490 shares of stock or any other particular asset of the estate, but what may remain of the sum of $36,391.28, which was distributed to the widow by the audit of February 26, 1915. The reason for this is that, under all our authorities, she, as life tenant, was entitled to take the balance as shown by the account and assume a debtor creditor relation to the remaindermen for that sum less any part she should consume. Her relation to them and the property is not that of trustee of it, but is that of debtor for the fund named, which was adjudicated and distributed to her by the court's decree twenty-four years ago. She is responsible to them only for the value of the estate at the date of distribution thereof: * * *."

In Re Hays' Estate, 358 Pa. 38, 55 A. 2d 763, 764, in 1947 the Supreme Court of Pennsylvania reaffirmed this as the law of Pennsylvania, saying:

"A gift for life, with right to consume, creates a relation of *debtor and creditor*, and not that of *trustee and cestui que trust*. Such a life tenant is responsible to the remainderman for the value of the estate at the time of distribution to her as life tenant, and not for any increase in the value of the fund thereafter."

The court then quoted part of the above excerpt from In re Powell's Estate.

Plaintiff contends that the Supreme Court of Pennsylvania in Re Lyman's Estate, 366 Pa. 164, 169, 76 A.2d 633, in 1950 when "construing a will written in 1926 and effective in 1928, indicated that the doctrine of In re Powell's Estate would not be extended to cases where the decedent died prior to the enunciation of the doctrine in Re Powell's Estate that a life tenant with power to consume is a debtor of the remaindermen."

Soars died in 1930, Powell died in 1904, and Hays died in 1939. There would be no reason for arriving at a different result in the case of Soars than in the Powell and Hays cases unless it be on the basis that In re Lyman's Estate had changed the law, otherwise the ruling would necessarily be the same. The Lyman will created a life estate for the widow with power to consume, and with remainder over to others at her death. Upon the widow's death the unconsumed property showed a loss due entirely to depreciation in market value. The remaindermen claimed from the widow's estate not the unconsumed remainder but a sum equal to the appraised value thereof as of the date of the original distribution. The court held that the widow's estate was not liable for the loss in the principal. The court said (366 Pa. 164, 169, 171, 76 A.2d 633, 636), inter alia:

"* * * The testator cannot, therefore, be presumed to have intended to impose a legal liability upon his wife, as life tenant, which extant rules of construction did not then impose on the character of life estate which he bequeathed. * * *

"* * * It is a far different thing to find, if the *intent of the testator* be given due and appropriate

effect, that he intended the primary object of his bounty to have the capital gains on the corpus of a life estate, *which she has the power to consume,* than it is to conclude that he intended to impose upon such primary beneficiary liability for depreciation in the value of the corpus on the basis of a rule of construction that did not exist when he executed his will. The testamentary intent in the present instance is clear. The remaindermen were to take merely what was left of the testator's residuary estate, in the form and at the value, as it existed upon Mrs. Lyman's death. * * *"

Justice Stearne who wrote the majority opinion in the In re Hays' Estate case, dissented in Re Lyman's Estate but clearly predicates such dissent on the basis that the law of In re Powell's Estate and In re Hays' Estate remained unchanged as to increment [1] and that the decision as to losses should have been consistent therewith, namely, that "The majority's extraordinary but logically untenable conclusion is that a life tenant is a *debtor* entitled to accretions where there are gains but is a *trustee* not liable for depreciations where there are losses."

It is quite apparent that during that period which included Mr. Soars' death in 1930, the law of Pennsylvania treated a life tenant with power to consume as a debtor entitled to accretions until the passage of the Estates Act of 1947. Equally appropriate here is the statement in Re Hays' Estate, 358 Pa. 38, 43, 55 A.2d 763, 765 (Mr. Hays having died in 1939) that "This case is, of course, not ruled by section 13 of the Estates Act of 1947, approved April 24, 1947, P.L. 100, 20 P.S. § 301.13, providing that a life tenant 'shall be deemed to be a trustee * * *, and not a debtor to the remainderman * * *,' effective January 1, 1948."

It follows, therefore, that the increment was taxable in the Estate of Lucilla M. Soars, Deceased, and plaintiff is not entitled to a refund thereof.

Plaintiff's motion for judgment on the pleadings must be denied, and defendant's motion for judgment on the pleadings will be granted.

---

1. See comment in Fiduciary Review, December 1950, Page 4.