## Loewer's Estate.

*Wills—Estate for life—Refusal of widow to enter security as life tenant—Appointment of trustee — Income — Principal — Increase.*

Where a widow, who is given, under her husband's will, a life estate in personal property consisting in part of bonds and other securities, refuses to enter security as life tenant, and the court thereupon, at her instance and at the instance of all other parties in interest, appoints a trustee, to whom the securities are handed over in kind, and in whose hands they remain unconverted until the death of the widow, any increase in the value of the securities, during the life tenancy, enures to the advantage of the remainderman, and not to the estate of the life tenant.

Letterle's Est., 248 Pa. 95, and Weir's Est., 251 Pa. 499, distinguished.

Argued Jan. 14, 1919. Appeals, Nos. 186, 187, 202, 203 and 204, Jan. T., 1919, by Pennsylvania Co. for Ins. on Lives, etc., Trustee of John J. Loewer and Bertha E. Loewer et al., from decree of O. C. Philadelphia Co., Oct. T., 1904, No. 601, dismissing exceptions to adjudication in Estate of John J. Loewer, deceased. Before Brown, C. J., Moschzisker, Frazer, Walling and Kephart, JJ. Reversed.

Exceptions to adjudication. Before Lamorelle, J. The court dismissed the exceptions.

*Errors assigned* were in dismissing exceptions to adjudication.

*M. B. Saul,* of *Prichard, Saul, Bayard & Evans,* with him *Raymond M. Remick,* for the Pennsylvania Company for Insurances on Lives and Granting Annuities, Trustee et al.—The enhanced value of stock of a corporation, due to the undivided surplus profits, belongs to the remaindermen, and not to the legatee for life: Moss' App., 83 Pa. 264; Smith's Est., 140 Pa. 344; Eisner's

App., 175 Pa. 143; Connolly's Est. (No. 1), 198 Pa. 137;
Adams' Est., 66 Pittsburgh Legal Journ. 89.

*Henry Budd*, with him *William C. Stoever*, for Wm.
C. Loewer and Anna Elizabeth Loewer Gross, appellants.

*Frederick J. Knaus*, for appellee.—This case is ruled
by Letterle's Est., 248 Pa. 95, and Weir's Est., 251 Pa.
499.

OPINION BY MR. JUSTICE MOSCHZISKER, February 10,
1919:

Testator gave a life estate in the fund here in question
to his widow, with remainder to his children; and the
Orphans' Court made an award thereof to the life tenant,
upon entry of security. Instead of abiding by and taking advantage of this award, the widow filed a petition
averring she was desirous of "avoiding the care of the
estate," and praying the appointment of the West Philadelphia Title & Trust Company, as trustee, to take
charge "according to the provisions of the will." This
prayer was joined in by all the remaindermen who were
of full age, and by the widow, as the mother of the only
one then a minor, the latter, upon becoming of age, at no
time disaffirming the action of his parent; and, on January 21, 1905, the court below appointed the trustee, as
prayed for by all parties in interest.

Among the assets of this estate were 125 shares of
trust company stock, appraised at $50 a share, although
then worth more, and now enjoying an actual value of
$148 a share. Upon the death of the life tenant, the
trustee filed an account, and at the audit claim was
made by the widow's executor for this increase in value,
amounting to some $12,000, and also for the increase in
value of other securities occupying the same position,
less a small loss on the sale of certain cold storage stock,
all of which formed part of the estate of the deceased at

the time of the appointment of the trustee. The court below allowed the claim and awarded the stock and securities to the personal representative of the life tenant, on payment of the appraised value thereof, together with the loss on the cold storage stock, the decree being made by a divided court, President Judge LAMORELLE and Auditing Judge GUMMEY concurring, with Judges ANDERSON and GEST dissenting. The trustee and certain of the remaindermen have appealed.

The majority opinion rests upon Letterle's Est., 248 Pa. 95, and Weir's Est., 251 Pa. 499; but we agree with the dissenting judges that these authorities do not control the present case.

Letterle's Estate, supra, holds, as stated in the syllabus, that "Where personal property is given to one for life with remainders over, and the life tenant takes possession thereof, giving a bond for the protection of the remainder interest, as required by the Act of May 17, 1871, P. L. 269, the life tenant may use the property at his own discretion, and upon his death, his estate will be entitled to any profit made in the investment thereof; such life tenant is not a trustee for the remaindermen, but is their debtor, and his estate will be liable only for the appraised value of the property at the time when it was received." We there state that, when a life tenant assumes possession of the estate by giving a bond, under the Act of 1871, supra, he "takes the risk as well as the advantages of speculation," saying, "he risks all, the remaindermen nothing, for the bond, with approved surety, takes the place, as to them, of the fund ultimately to go to them." In the case at bar, the life tenant refused to file a bond and assume "the risks as well as the advantages." In other words, it was not her desire to have the bond "take the place, as to them [the remaindermen], of the fund ultimately to go to them"; but both she and the remaindermen preferred to treat the will of the testator as though it had placed the estate in trust.

In Weir's Estate, supra, as correctly stated in the dissenting opinion of Judge GEST, "the life tenant refused to enter a bond for the protection of the remaindermen, and the court, upon her application, appointed a trustee, who received the property; and the court held this trustee stood toward the remaindermen in exactly the same relation in which the life tenant would have stood had she given bond and received the life estate in possession. But, although the fact does not appear in the report of the case, the trustee in Weir's Estate was appointed upon the sole application of the life tenant, without joinder of the remaindermen or even notice to them; so that the case differs essentially from the present, where the trustee was appointed on the application of all parties in interest, and, consequently, represented not merely the life tenant, but the remaindermen as well." Judge ANDERSON, in his dissenting opinion, also points out that, in the present instance, the securities came to the trustee in kind, directly from the deceased, whereas in Weir's Estate the trustee took a cash fund and handled it as though the absolute owner thereof.

Section 23 of the Fiduciaries Act of June 7, 1917, P. L. 447, 489, has changed the rule laid down in Weir's Estate and expressly provides that, where a life tenant refuses or neglects to enter security, the court, upon the application of any person in interest, may appoint a trustee to hold the property, who shall be liable only "for such care, prudence and diligence in the execution of the trust as other trustees are liable for"; but, since we are convinced Weir's Estate does not govern the present case, it is unnecessary to determine the applicability of this recent act.

As before stated, in appointing the trustee, the Orphans' Court acted upon the application of all persons in interest, and its jurisdiction is not challenged; the only questions raised concern the propriety of its decree (1) in awarding the increase of capital to the personal representative of the life tenant, which we have

discussed, and (2) in making a certain order as to payment of commissions. On the first point, the court erred; and the second need not be considered, since, in view of the order which we are about to enter, all proper commissions will be chargeable against the fund, in the usual way.

The decree is reversed and the record is remitted to the court below with directions to make the award to the remaindermen, in accordance with the views expressed in this opinion; costs to be paid by the estate.