## Chalfant's Estate.

Argued September 28, 1928. Before Moschzisker, C. J., Frazer, Walling, Simpson, Sadler and Schaffer, JJ.

*D. S. Thomas,* with him *Addison Lyon,* for appellant.

*E. C. Chalfant,* of *Stone, Chalfant & McCandless,* for appellee, was not heard.

Opinion by Mr. Justice Simpson, November 26, 1928:

By testator's will he gave all his estate to Margaret J. Chalfant for life, with remainder, as regards the tangible assets of his business, to appellant, who theretofore had active management of it, and who, after decedent's death, valued those assets as then worth $3,225. Testator did not name a trustee, but the distributees, including appellant, entered into an agreement by virtue of which the orphans' court appointed one, and directed him to pay the net income to the life tenant during her life, and, on her death, the corpus of the trust to appellant. In accordance with that agreement and order of the court, the trustee carried on the business until her death ten years later, the working capital being supplied by her. During all this time appellant continued in active charge of the business; the tangible assets left by testator being sold and the proceeds from time to time invested in other stock needed in the business. Upon her

death appellant claimed, despite his agreement and the order of the court above set forth, that the profits earned during that time should be awarded to him. He appeals herein from the decree of the orphans' court giving them to the estate of the life tenant.

The decree is clearly right. Appellant contributed nothing to the business except his services, for which he was doubtless paid as he had been by decedent. The life tenant had the sole right to use the tangible assets so long as she lived, and whatever income was realized therefrom was hers and hers only. His right to their possession, and to any profits which might accrue from their use, did not arise until her death. True, he might have lost the $3,225 if the business as managed by him had been a failure; but this did not give him any usufructuary right therein during the life estate, and was, moreover, a risk he voluntarily assumed when he agreed that the tangible assets should be used in the business. Indeed, the only effect of his agreement and the order of court based thereon, was to waive the giving of security by her to protect his interest in remainder, as by due proceedings would have otherwise resulted: Section 23 of the Fiduciaries Act of June 7, 1917, P. L. 447, 489. Probably he was satisfied that his own management would continue to bring success, as in fact it did.

Loewer's Estate, 263 Pa. 517, relied on by appellant, does not aid him. There, bonds and other securities, given to the widow for life, remained in the trust uncontroverted until the death of the widow, and it was held that they had at all times belonged to the corpus of the trust estate, and hence passed to the remaindermen in specie. The fact that they had enhanced in value,—as would also have been the case had the opposite been true, —was an incidental matter wholly unimportant; the remaindermen got exactly what testator bequeathed to them. The same conclusion would have been reached in the instant case, if the tangible assets had been unconverted. Fortunately for him, they were sold by him in

carrying on the business, for their character was such that, if this had not been done, they would have had little or no value when the life tenant died.

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellant.