C. C. CHALFANT, EXECUTOR, ESTATE OF MARGARET J. CHALFANT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 32649, 40346.   Promulgated March 31, 1930.

*J. S. Y. Ivins, Esq.,* and *R. Lester Moore, Esq.,* for the petitioner.
*P. A. Bayer, Esq.,* for the respondent.

OPINION.

SEAWELL: Fiduciary returns were filed by a trustee for a life tenant, Margaret J. Chalfant, on account of a sand and gravel business in which depreciation was claimed with respect to the assets used in such business. The Commissioner disallowed all such depreciation, thus increasing the income taxable to the life tenant, petitioner's decedent in the case at bar, on the ground that Margaret J. Chalfant was merely entitled to the assets as a life tenant or life beneficiary and therefore no depreciation could be allowed thereon. The petitioner, on the other hand, contends that the fact that Margaret J. Chalfant was a life tenant does not preclude the allowance of depreciation on assets so held.

On the facts, however, as presented, we do not find it necessary to decide whether, as life tenant of the estate of Albert M. Chalfant, Margaret J. Chalfant was entitled to depreciation on account of assets received from such estate, for the reason that it is not shown that such assets were in existence in the years before us, either in the original or converted form, on which depreciation might be taken. The Commissioner disallowed all depreciation for the reason heretofore stated but, as stated at the hearing, this does not mean that,

with the question settled as to right of the life tenant to some depreciation on the assets in question, it would follow that the depreciation claimed by the petitioner is correct. Obviously, if the Commissioner considered no legal basis existed for the allowance of depreciation, no occasion would exist to determine the accuracy of the deduction claimed. That the determination of a depreciation deduction is a question of fact is so well established that no citation of authority is necessary in support thereof, and the burden of showing the necessary elements for such an allowance is on the petitioner. See *Bishoff* v. *Commissioner*, 27 Fed. (2d) 91. The fact that only $3,000 was paid to Margaret J. Chalfant in each of the years in question is admitted by both parties not to be determinative of the income on which she is taxable, for the reason that the distributable income is taxable to her whether distributed or not.

The evidence which we have as to the assets in question is that certain assets, consisting of horses, wagons, engine, boiler and derrick, were turned over by the executor to the trustee in 1918, which was three years after the death of Albert M. Chalfant in 1915, and that such assets had a value, which was accepted by the court, of $3,225. The testimony of petitioner's witness was that horses and wagons had a life of six years, which would mean their complete exhaustion prior to the years with which we are concerned. No evidence was furnished as to the rate of depreciation on the other assets referred to in 1918, though apparently they were likewise not in existence in the years before us, since in the schedule set out in petitioner's brief in which a computation is made of the depreciation claimed no reference is made to such assets. It may be that the assets received from the estate of Albert M. Chalfant were sold prior to exhaustion and the proceeds invested in new assets, but we have no evidence as to what, if anything, occurred in this connection. Or it may be that the assets on which depreciation is being claimed represent assets which were purchased out of the profits of the business and therefore would not be subject to the objection raised by the Commissioner, but there is likewise no evidence in this respect.

Little aid is furnished by the distribution account submitted to the orphans' court in 1928 upon the death of Margaret J. Chalfant. What we are concerned with is depreciation allowable in 1924, 1925, and 1926, whereas this account apparently purports to show only the value of the assets at the termination of his trusteeship without regard to cost or when acquired. This account does tend, however, to substantiate the statements previously made herein to the effect that assets on which depreciation is now being claimed are not assets received from the estate of Albert M. Chalfant, but rather assets purchased during the period of the life tenancy. The further observa-

tion might be made that we are unable to tell from this account what was in fact corpus which upon the death of Margaret J. Chalfant passed to the remainderman on account of the sand and gravel business. The specific amounts for distribution to the other remaindermen are shown, but as to the sand and gravel business there is merely shown a statement of its then purported financial condition without anything definitely stated as to what part thereof belonged to the estate of the life tenant and what part to the remainderman as corpus. Apparently upon the basis of the decision of the orphans' court as to that to which the remainderman was entitled, appeal was had by such remainderman to the Supreme Court of Pennsylvania in which it was claimed that the profits of the business earned during the period of the life tenancy should be awarded to the remainderman, but the court held that such profits should go to the estate of the life tenant (*In re Chalfant's Estate*, 294 Pa. 331; 144 Atl. 134). But we are unable to tell from the evidence before us what interpretation was finally adopted as to the division between corpus and income. However, if we should adopt the most favorable position for the petitioner for the purpose of this depreciation allowance, namely, that equipment of a value of $5,610 in 1928 is the equipment on which depreciation is being claimed in 1924, 1925, and 1926, the lack of proof is apparent when we consider that the depreciation claimed for these years is $9,207.35 (1924, $2,000; 1925, $2,731.35; and 1926, $4,476), or almost twice the value of the assets in 1928 and almost three times the value in 1918.

*Judgment will be entered for the respondent.*