## Beggs' Estate

*Frank W. Ittel,* of *Reed, Smith, Shaw & McClay,* for accountant.

*William H. Eckert,* of *Smith, Buchanan & Ingersoll,* for remainderman.

TRIMBLE, P. J., June 20, 1945.—The question involved is whether Mrs. Mary Eleanor Hughes Beggs, the widow, accepted the benefit given to her as life beneficiary under section 23 of the Fiduciaries Act of June 7, 1917, P. L. 447, or whether she accounted solely as fiduciary of her husband's estate.

The fourth paragraph of the will is as follows:

"All the rest and residue of my personal property I bequeath to my wife, Mary Eleanor Hughes Beggs, during her life, and from and after her death to my

daughter, Eleanor Curtis Beggs; I desire, however, that my wife shall have the full and complete control of said personal estate, and the entire income therefrom, during her life as long as she does not remarry. If she remarries, I desire my personal estate to be divided, my wife to take one-half absolutely, and my daughter to take one-half absolutely."

Joseph P. Beggs died testate on June 25, 1933. Letters testamentary on his estate were granted to Mary Eleanor Beggs on July 6, 1933. She advertised her letters promptly, and filed an inventory on November 3, 1933. She did not remarry nor did she file any election to take against her husband's will. She died February 24, 1945, without having filed any account of the administration of the estate. She took into her custody all of the assets, and kept them invested as executrix, no part of which was ever transferred into her name, so that the possession of the estate never was parted with by her as executrix. She kept her books as executrix throughout the whole long period from 1933 to 1944.

Some changes were made by her in investments from time to time, but always the new investment was substituted for the old. During the period of her administration, the estate enhanced in value. The only part of it she used for herself was the income.

From this statement of the facts it is difficult to see how there could be any application of section 23 of the Fiduciaries Act. Undoubtedly, the widow, as executrix, had a right under the law to file her account and have distribution made to her as life tenant and, thereafter, be accountable for the value at which it was decreed to her. If she had done this, all that could be recovered by her daughter would be the value of the estate which was decreed to her as life tenant. Evidently, she had no intention of exercising any right given to her by the section of the Fiduciaries Act above cited. She was content to receive the income, and have all the residue

of the personal property pass to her daughter as the will directs.

A different result could have been obtained under section 23 of the Fiduciaries Act had she accounted for the net value of the estate at the time of death, and had demanded her right given her by that section of the Fiduciaries Act, supra, to the delivery to her of the property bequeathed. She managed the estate as a fiduciary without any objection by any person. As life tenant, she failed or refused to file bond, and the debtor-creditor relationship between the life tenant and the remainderman was never assumed, with the consequence that her account as stated by her executor will be confirmed and distribution of the balance, including the accretions to the capital, decreed to Eleanor Curtis Beggs, now Eleanor Beggs Scott. This result is similar to that in Loewer's Estate, 263 Pa. 517.