**ESTATE of Kate B. LEGGETT, Deceased by Milton W. Leggett, Executor, Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

**Civ. A. No. 65–246.**

United States District Court
W. D. Pennsylvania.
Nov. 15, 1968.

Robert G. MacAlister, Pittsburgh, Pa., for plaintiff.

Mitchell Regovin, Asst. Atty. Gen., Department of Justice, Washington, D. C., for defendant.

OPINION

WILLSON, District Judge.

William T. Leggett, a resident of Allegheny County, Pennsylvania, by will dated February 28, 1895, bequeathed a life estate in personalty to his wife Kate B. Leggett with a remainder in fee to those children of the testator born of the body of Kate Leggett who were living at testator's death. Kate Leggett was named executrix. The testator died in 1909.

The life tenant, upon testator's death, took possession of and managed the principal for 51 years—the remainder of her life. An inventory was prepared but not filed. No bond was filed by Mrs. Leggett, who died in 1960. It is undisputed that

[D]uring the entire period from October 30, 1909, to September 6, 1960, Kate B. Leggett registered and held the securities which were in the estate of William T. Leggett in the name of Kate B. Leggett as executrix of the estate of William T. Leggett, deceased. All stock splits and dividends on the aforementioned stock were also registered in the name of Kate B.

24

Leggett as executrix of the estate of William T. Leggett. Kate B. Leggett kept a complete set of books in which the original stock and stock dividends and splits were credited to the estate of William T. Leggett, deceased. [Leggett's Estate, Orphan's Court of Allegheny County, Pa., No. 913 of 1963; Cox, J.]

The executor of Kate B. Leggett's estate, her son Milton, filed an account on her behalf as executrix of the estate of William T. Leggett and prayed that the entire estate of William T. Leggett, including increments to principal, be distributed to the remaindermen under his will. The Orphan's Court was also asked to answer two questions:

1. Do stock dividends and splits on stock in the estate of William T. Leggett at the time of his death and during the period Kate B. Leggett was in possession of his estate belong to the estate of Kate B. Leggett or the estate of William T. Leggett?

2. Was the relationship between Kate B. Leggett and the estate of William T. Leggett a debtor-creditor relationship?

[Leggett's Estate, supra]

The Orphan's Court held that the dividends and stock splits belonged to the estate of William T. Leggett during the period Kate B. Leggett was in possession thereof, and that a debtor-creditor relationship did not exist at any time between Kate B. Leggett and the decedent's estate.

The Federal Estate Tax return filed for the estate of Kate B. Leggett did not include the above-mentioned increments to the principal of her husband's estate, which occurred during her lifetime. The Commissioner, after reducing the original principal by the administrative expenses incurred in settling William T. Leggett's estate, included the difference between this adjusted, original principal and the final value of the estate of Kate B. Leggett's death in her gross estate and assessed appropriate tax deficien-

cies. These deficiencies were levied under the authority of § 2033 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 2033, on the assertion that the increments to principal were constructively available to the life tenant during her life. The plaintiff paid the tax deficiencies and now sues to recover them. 26 U.S.C.A. § 1346a(1). The case is before the Court on cross-motions for summary judgment.

The Government contends that under Pennsylvania law Kate B. Leggett was a debtor to the remaindermen for the value of the principal of her husband's estate at the time she received it, and that the increments to that principal occurring during her lifetime were her property and hence were properly includible in her gross estate.

The plaintiff on the contrary contends that she was a fiduciary only under Pennsylvania law. It is asserted that the life tenant must elect to assume the debtor-creditor relationship by posting bond and by taking possession of the principal and increments thereto. Here she did neither. It is, therefore, now urged that Kate B. Leggett be designated a trustee of the principal and increments for the remaindermen, rather than a debtor to the remaindermen in the amount of the original principal. The result of such a conclusion is the exclusion of the increments to principal from Mrs. Leggett's gross estate.

As a preliminary matter, this Court notes that it is not bound by the decision of the Allegheny County Orphan's Court in *Leggett's Estate,* supra, and that it should follow the decisions of the Pennsylvania Supreme Court in determining the nature of the property interests passing under the will of William T. Leggett. C. I. R. v. Bosch's Estate, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967). It is a reasonable inference that plaintiff sought a ruling from the Orphan's Court in preparation for future negotiation with the Commissioner. This is shown by the inclusion in the petition for accounting, which was

presented while Mrs. Leggett's estate was being audited by the Internal Revenue Service, of the two questions relating to Mrs. Leggett's status as either a fiduciary or a debtor to the remaindermen. Under the circumstances of the case, the answers to these questions were not necessary to a settlement of either estate.

The law governing the determination of what interests were created by the will of William T. Leggett (the testator's intent) is that which was in effect when the testator used the language which is contained in his will. Moltrup's Estate, 424 Pa. 161, 225 A.2d 676, 680 (1967). At the time the will was executed and at the time the testator died, the Act of 1871, P.L. 269 was in effect. The cases decided under this Act, as well as under the Act of 1834, P.L. 73, and the Act of 1917, P.L. 447, uniformly hold that a devise such as is before this Court creates a debtor-creditor relationship between the life tenant (who has a legal life estate) and the remaindermen, wherein the life tenant is indebted to the remaindermen for the value of the personalty when received by him. Reiff's Appeal, 124 Pa. 145, 16 A. 636 (1889); Kirkpatrick's Estate, 284 Pa. 583, 131 A. 361 (1925). This is true even when the life tenant is not excused from giving security by the terms of the testator's will (this case) and did not, in fact, give security (this case). Strawbridge's Estate, 14 Pa.Dist. & Co. R. 703 (1931); Gillett's Estate, 130 Pa. Super. 309, 197 A. 517 (1938). See also Powell's Estate, 340 Pa. 404, 17 A.2d 391, 394 (1941). The Supreme Court of Pennsylvania regards the above-cited cases as correctly reflecting the law as it existed under these three Acts. Gramm's Estate, 420 Pa. 510, 218 A.2d 342, 345 (1966); Purnell's Estate, 424 Pa. 263, 226 A.2d 488, 489–490 (1967).

This Court therefore concludes that the bequest contained in the will of William Leggett created a debtor-creditor relationship between the life tenant and the remaindermen. The cases cited clearly show that, contrary to plaintiff's position, in a conveyance of the type in question, a life tenant does *not* [prior to the Estates Act of 1947, 20 P.S. § 301.-13] *elect* to become a debtor of the remaindermen. This status, under the three Acts named above, is *thrust* upon him by the very nature of the bequest, *unless* the terms of the will provide otherwise by naming him a trustee for the remaindermen's interest or unless he petitions the court to appoint a trustee. Here, the life tenant was not appointed trustee by her husband's will and she took no affirmative action during her life to change her relationship vis à vis the remaindermen. Neither did she effectively disclaim her interest under the will.

Having found a debtor-creditor relationship to exist between the life tenant and the remaindermen, this Court concludes that the appreciation in value of the original principal occurring during the life tenant's lifetime is properly includible in her gross estate under § 2033 of the Internal Revenue Code of 1954. Soars v. Graham, 163 F.Supp. 239, (M.D.Pa.1957), aff'd 256 F.2d 762 (3 cir. 1957). As there is no genuine issue as to any material fact, and in view of the clarity of the Pennsylvania law, the entry of summary judgment for the Government under Fed.R.Civ.P. 56 is appropriate. There is no doubt in the Court's mind that Mrs. Leggett did not regard the principal as her property and that she carefully, meticulously and selflessly managed it for the benefit of the remaindermen, watching it increase in value to an amount seven times that of the original sum. Nevertheless, the law of Pennsylvania, as applied to the facts, requires that the Government prevail.

The plaintiff's objection that cases decided after the year 1909 are not applicable is without merit. The cases relied on by the Court either deal with bequests occurring under one of the three Acts mentioned or summarize the law under one or all of these Acts. The holding of *Powell's Estate*, supra, for example, with regard to the debtor-cred-

itor relationship between a life tenant with a power to consume and the remainderman [which was overruled by the Estates Act of 1947, *Moltrup's Estate,* supra] does not invalidate or otherwise render inapposite that decision's analysis of prior case law, as it applies to this case.

The Court's holding is not a retroactive application of the Estate Tax as the tax is being assessed against the estate of Kate Leggett, who died in 1960, and not against the estate of William Leggett who died before the first Federal Estate Tax was enacted (1916). This is not an "ordinary" life estate. See Lowndes and Kramer, Federal Estate and Gift Taxes § 4.6.

In view of the foregoing analysis the Court does not express any opinion on the Government's alternate ground with regard to apportionment of principal and income under the Principal and Income Act of 1947, 20 P.S. § 3470.1 et seq.

### ORDER

And now, *November 15, 1968,* for the reasons stated above, the motion for summary judgment of the defendant is granted and that of the plaintiff is denied, and the complaint is dismissed.