ESTATE OF ABRAHAM HAMELSKY, DECEASED, SAMUEL HAMELSKY, EXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7511–70.   Filed August 7, 1972.

*Morris Spritzer*, for the petitioner.
*John O'Toole* and *Frank J. Smith*, for the respondent.

OPINION

QUEALY, *Judge:* In this proceeding the Commissioner has determined a deficiency in the estate tax of the petitioner in the amount of $131,010.34. The petitioner contests that determination. Concessions having been made by the parties, the sole question for decision is whether a bequest to his wife by Abraham Hamelsky, the decedent, qualifies for the martial deduction under section 2056.[1] The matter was submitted upon a stipulation of facts pursuant to Rule 30 of the Tax Court Rules of Practice.

The stipulation of facts and exhibits attached thereto are incorporated herein by this reference.

The decedent died a resident of East Brunswick, N.J., leaving a last will and testament which was executed on January 30, 1965, and duly admitted to probate. Samuel Hamelsky was duly appointed and qualified as executor of the estate. At all times material herein, he was a resident of Highland Park, N.J.

The decedent was survived by his wife, Dorothy Hamelsky, a son, Marc Ira Hamelsky, and a daughter, Marilyn Ruth Edelstein.

In the decedent's will, provision was made for a division of his estate between his wife, if surviving, and his children. Accordingly, paragraph Fourth of the will provided as follows:

If my wife, DOROTHY, survives me, I give and bequeath to her, absolutely and forever, an amount equal to the maximum estate tax marital deduction allowable in determining the Federal Estate Tax on my estate for Federal Estate Tax purposes, less the value for Federal Estate Tax purposes of all other items which pass or have passed to my wife under other provisions of this will, or otherwise, but only to the extent that such items are included in my gross estate and are

---

[1] All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

allowable as a marital deduction for Federal Estate Tax purposes. In making the computations necessary to determine the amount of this bequest, the final determination of values for Federal Estate Tax purposes, whether determined by agreement, litigation, or otherwise, shall control. In the sole power and discretion of the Executor, the payment of this amount may be made wholly or partly in cash or property as selected by him, provided, however, that all such property so selected shall be valued at the value as finally determined for Federal Estate Tax purposes in my estate; provided, further, that in exercising this power and discretion, the Executor shall first allot to this gift and bequest the more liquid and salable assets of my estate; and provided further, that in no event shall there be included in this gift and bequest any asset, or the proceeds of any asset which will not qualify for the marital deduction for Federal Estate Tax purposes. The exercise of the foregoing power and discretion by the Executor shall not be subject to question by any beneficiary, even though the result may be to distribute to my wife property which at the time of distribution is worth more or less than the amount of this gift and bequest or the part thereof which is satisfied by such distribution.

In paragraph Fifth of the will, decedent then provided that all the residue and remainder of his profit should pass to his two children, Marc Ira Hamelsky and Marilyn Ruth Edelstein, in equal shares.

In the estate tax return, as filed, petitioner claimed a marital deduction in the amount of $414,901.88, asserting that under the provisions of the will that amount was fixed as a pecuniary bequest to the widow. Respondent determined that the pecuniary bequest to the widow was not determinable because of the discretion given to the executor to make distribution of the bequest in kind at estate tax valuations without regard to appreciation or depreciation.

The form of bequest by the decedent to his wife has been described as a "pecuniary bequest." The respondent contends that such a bequest constitutes a "terminable interest" as defined in section 2056(b) and that the executor is empowered thereby to make a division of the estate as between the surviving spouse and these residuary legatees upon the basis of the values of the assets of the estate, as of the date of death (or the valuation date), irrespective of the values as of the date of distribution. Since the executor is empowered to distribute to the wife assets which have depreciated in value, the legacy to the wife was not determinable as of the date of death.

Insofar as material herein, section 2056(b)(1) defines a terminable interest, as follows:

(b) LIMITATION IN THE CASE OF LIFE ESTATE OR OTHER TERMINABLE INTEREST.—

(1) GENERAL RULE.—Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest—

(A) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the dece-

dent to any person other than such surviving spouse (or the estate of such spouse) ; and

(B) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse;

and no deduction shall be allowed with respect to such interest (even if such deduction is not disallowed under subparagraphs (A) and (B))—

(C) if such interest is to be acquired for the surviving spouse; pursuant to directions of the decedent, by his executor or by the trustee of a trust.

For purposes of this paragraph, an interest shall not be considered as an interest which will terminate or fail merely because it is the ownership of a bond, note, or similar contractual obligation, the discharge of which would not have the effect of an annuity for life or for a term.

On March 19, 1964, the respondent promulgated Rev. Proc. 64–19, 1964–1 C.B. (Part 1) 682, outlining certain conditions pursuant to which a pecuniary bequest would be deemed to qualify for the marital deduction. Rev. Proc. 64–19 provides, in part, as follows:

.02 Where, by virtue of the duties imposed on the fiduciary either by applicable state law or by the express or implied provisions of the instrument, it is clear that the fiduciary, in order to implement such a bequest or transfer, must distribute assets, including cash, having an aggregate fair market value at the date, or dates, of distribution amounting to no less than the amount of the pecuniary bequest or transfer, as finally determined for Federal estate tax purposes, the marital deduction may be allowed in the full amount of the pecuniary bequest or transfer in trust. Alternatively, where, by virtue of such duties, it is clear that the fiduciary must distribute assets, including cash, fairly representative of appreciation or depreciation in the value of all property thus available for distribution in satisfaction of such pecuniary bequest or transfer, the marital deduction is equally determinable and may be allowed in the full amount of the pecuniary bequest or transfer in trust passing to the surviving spouse.

.03 In many instances, however, by virtue of the provisions of the will or trust, or by virtue of applicable state law (or because of an absence of applicable state decisions), it may not be clear that the discretion of the fiduciary would be limited in this respect, and it cannot be determined that he would be required to make distribution in conformance with one or the other of the above requirements or that one rather than the other is applicable. In such a case, the interest in property passing from the decedent to his surviving spouse would not be ascertainable as of the date of death, if the property available for distribution included assets which might fluctuate in value.

The respondent's argument is bottomed on the premise that because the will authorizes the executor in his sole discretion to distribute assets which had depreciated in value to the decedent's wife, thereby diminishing or defeating the bequest to her, a terminable interest was in fact created or intended by the decedent. Indeed, in his brief, respondent states "He [the decedent] decided to prepare his will in a manner which would cause it to fail to qualify for the marital deduction." Respondent places great reliance on the language in item

Fourth of the will which allows the distribution to the wife of "property which at the time of distribution is worth more or less than the amount of this gift and bequest."

The will bequeathed to the decedent's wife "an amount equal to the maximum estate tax marital deduction." In determining this amount, the will directs that the value for Federal estate tax purposes shall control. The will then authorizes the executor to pay the bequest either in cash or in property, except that the executor is directed to "first allot to this gift and bequest the more liquid and salable assets." Finally, the will attempts to insulate the named executor (the decedent's brother at the time the will was executed) from any claim on account of the exercise of his discretion.

The provision for decedent's wife would appear to negative the inference that the executor was either directed or empowered by making distribution in kind to diminish the proportionate share to which the wife was entitled by selecting for distribution to her property which had depreciated in value. On the contrary, the will directs that in making distributions in kind there shall be distributed to her "the more liquid and salable assets." In our opinion, contrary to respondent's view that the intention of the decedent was to create a terminable interest, taking the will as a whole, the intent of the testator was to secure the maximum marital deduction for his estate.

In the first instance, the petitioners argue that the bequest to the decedent's wife did not give rise to a terminable interest under section 2056(b) (1) as interpreted by Rev. Proc. 64–19. In the alternative, if this Court should hold contrary to the petitioners on that issue, they contend that the prospective application of Rev. Proc. 64–19 is discriminatory and invalid. Our decision herein makes it unnecessary to consider that question.

Section 2.02 of Rev. Proc. 64–19 recognizes that where the executor has imposed upon him, either by the instrument or by State law, the duty to distribute assets, including cash, fairly representative of appreciation or depreciation in the value of all property available for distribution, the marital deduction is determinable. Under the laws of the State of New Jersey, the executor serves in a fiduciary capacity. As such, the executor is restrained in the exercise of any discretionary powers invested in him. *Russell* v. *Princeton Laboratories, Inc.*, 50 N.J. 30, 231 A. 2d 800 (1967). This Court is of the opinion that New Jersey law clearly imposes upon the executor the duties enumerated by Rev. Proc. 64–19.

In quoting from Clapp, New Jersey Practice, Wills & Administration, sec. 944 (3d ed. 1962), the U.S. Court of Appeals for the Third

Circuit, wherein venue lies for appeal in this case, expressly affirmed the rule that:

A fiduciary is under a duty to act impartially as among the several beneficiaries * * * of an estate * * *, and not to favor one over another, whether, * * *, their interests are concurrent or successive.

*Peoples Trust Co. of Bergen County* v. *United States*, 444 F. 2d 193, 198 (C.A. 3, 1971). While this Court recognizes that the cited case concerned itself with the ascertainability of a charitable remainder, the interpretation of New Jersey law rendered therein is no less applicable to the situation before us.

The petitioner urges that this Court consider the "Order Instructing Executor" rendered by the Chancery Division of the Superior Court of New Jersey which directed the executor "To distribute to the widow * * * upon the basis of values as of the date of distribution, thereby reflecting any appreciation or depreciation since date of death." While this Court is not bound by that order, *Commissioner* v. *Estate of Bosch*, 387 U.S. 456 (1967), reversing and remanding 363 F. 2d 1009 (C.A. 2, 1966), which affirmed 43 T.C. 120 (1964); *Estate of Leggett* v. *United States*, 418 F. 2d 1257 (C.A. 3, 1969), reversing 293 F. Supp. 22, it is noted that the State court's order is consistent with our opinion of the decedent's intent and the law of New Jersey.

Clearly, under the terms of this will and the restraints imposed upon the executor by law, there was an obligation to make fair and equitable division of property as between the decedent's wife on the one hand and the decedent's children on the other so that any depreciation or appreciation in value would be shared proportionately. The decedent's bequest, therefore, qualifies for the marital deduction under the law as interpreted by the respondent both before and subsequent to the promulgation of Rev. Proc. 64–19.

*Decision will be entered under Rule 50.*